## C. D. HAUGER CO. v. ABRAMSON.
### (6 Div. 726.)

(Supreme Court of Alabama. Nov. 4, 1926.)

**1. Trial ⚬⟶139(1).**

Affirmative instruction for defendant *held* properly denied, where there was evidence to support plaintiff's complaint.

**2. Trial ⚬⟶131(3).**

Objection to argument of counsel, part of which was justified, must specifically and sufficiently indicate or separate objectionable remark.

**3. Trial ⚬⟶133(6).**

Where counsel's argument was declared improper and duly apologized for and jury was instructed to disregard statement, error cannot be predicated thereon.

**4. Trial ⚬⟶129.**

Improper statements of counsel as to effect of conflict in evidence, in answer to like argument of counsel, *held* not erroneous.

**5. Searches and seizures ⚬⟶3.**

Under Code 1907, § 7759, search warrant did not sufficiently comply with statute, where person was not named or described in affidavit and place only was designated.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action by H. Abramson against the C. D. Hauger Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Affirmed.

The complaint charges that the servants or agents of the defendant, while acting within the line and scope of their employment as such, without legal warrant therefor, entered plaintiff's premises, unlawfully searched same, and carried therefrom certain clothing, the property of plaintiff.

J. Reese Murray, of Birmingham, for appellant.

The search warrant was valid. Code 1923, §§ 5471, 5479; Toole v. State, 170 Ala. 41, 54 So. 195. The argument of plaintiff's counsel was highly prejudicial, requiring a reversal of the judgment. Florence Cotton & Iron Co. v. Field, 104 Ala. 471, 16 So. 538; Birmingham R., L. & P. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Jackson Lbr. Co. v. Trammell, 199 Ala. 536, 74 So. 469; Brotherhood v. Trimm, 207 Ala. 587, 93 So. 533; Ala. Iron & Fuel Co. v. Benenante, 11 Ala. App. 644, 66 So. 942.

Altman, Taylor & Koenig, of Birmingham, for appellee.

The search warrant introduced in evidence was void. Code 1923, §§ 5473, 5474;

---

⚬⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Thrash v. Bennett, 57 Ala. 156; Ex parte Hurn, 92 Ala. 102, 9 So. 515, 13 L. R. A. 120, 25 Am. St. Rep. 23; In re State ex rel. Atty. Gen., 179 Ala. 639, 60 So. 285; 24 R. C. L. 708; 18 Ann. Cas. 819, note; 35 Cyc. 1266. Where the court sustains objection to improper argument, and charges the jury that it is improper, and the attorney apologizes, and no exception is reserved, nothing is presented for review. Cutcliff v. B. R., L. & P. Co., 148 Ala. 108, 41 So. 873; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543. Where only a part of a statement is improper, the overruling of an objection to the whole is correct. Nashville, C. & St. L. R. Co. v. Crosby, 183 Ala. 237, 62 So. 889. Improper statement by counsel in answer to one equally objectionable is not reversible error. Hines v. Paden, 204 Ala. 592, 87 So. 88. The affirmative charge requested by defendant was properly refused. Penticost v. Massey, 202 Ala. 681, 81 So. 637; Shipp v. Shelton, 195 Ala. 658, 69 So. 102.

THOMAS, J. The case was tried on count A, claiming damages for unlawful search of plaintiff's premises for clothing as merchandise. The pleas were in short, by consent.

[1] If there is evidence to support the plaintiff's complaint, it is error for the court to direct a verdict. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135; Amerson v. Corona Coal & Iron Co., 194 Ala. 175, 69 So. 601; Shipp v. Shelton, 193 Ala. 658, 69 So. 102; Southern States Fire Insurance Co. v. Kronenberg, 199 Ala. 164, 74 So. 63. There was no error in declining the affirmative instruction requested.

[2] Conceding that the ground for a new trial, predicated upon the argument of counsel, was brought to the attention of the court by appropriate objection and motions, under the evidence, a part of the observations of the counsel was justified, and the objection was to the whole of the statement, without specifically and sufficiently indicating or separating the objectionable remark. N., C. & St. L. R. Co. v. Crosby, 183 Ala. 237, 62 So. 889.

[3] Moreover, if the argument of the counsel was improper, it was so declared by the court, and the counsel making same duly apologized therefor, and the jury were instructed to disregard the statement as an improper argument. B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Sharp v. State, 193 Ala. 22, 69 So. 122.

[4] If there were improper statements as to the effect of conflict in the evidence, and it was in answer to like argument of counsel, there would be no error. However true this may be, there was no error in the ruling of the court, denying the continuance of the cause, saying:

"The Court: I sustain the motion as to swearing he perjured himself. There is a conflict in the testimony. I overrule the motion to continue the case.

"Defendant's Counsel: Yes, sir; we accept.

"The Court: I rule it out that he swore he perjured himself."

[5] The search warrant, under which justification was sought, did not sufficiently comply with the statute; such was the effect of the charge of the court to which exception was reserved. The person is not named or discribed in the affidavit; only the place is designated. Section 7759 of the Code of 1907. The statute must be strictly construed and complied with, as stated by the trial court. In re State ex rel. Attorney General, 179 Ala. 639, 60 So. 285.

We find no reversible error, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.