45 So.2d 29
### YOUNG et al. v. STATE ex rel. ALMON et al.
### 8 Div. 531.

Supreme Court of Alabama.
March 2, 1950.

Stockton Cooke, Jr., of Sheffield, for appellants.

A. A. Carmichael, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for appellees.

LAWSON, Justice.

The bill in this cause was filed by the State of Alabama, on relation of W. L. Almon, as solicitor of the Eleventh Judicial Circuit of Alabama, and on the relation of Patrick B. Harris, solicitor of the Law and Equity Court of Colbert County, to enjoin and abate a public nuisance, a gambling house. The bill was filed under the provisions of Article 5, §§ 293–302, of Chapter 46, Title, 14, Code 1940.

The bill charged that the respondents, Floyd V. Young, F. G. Shahan, Woodrow Lowery, and Muscle Shoals Social Club, a corporation, owned, maintained, and operated a place or building known as the "41 Club" in the city of Muscle Shoals, in Colbert County; that said place was maintained or resorted to for the purpose of gaming or gambling, and that the tables or other gaming devices "are or were kept, maintained, or operated" at said place for the purpose of permitting persons to game and gamble thereon and therewith, and a continuation or repetition thereof is likely to exist.

The bill prayed for preliminary writ of injunction against the respondents "enjoining each and all of the acts hereinabove alleged and making such other requirements as to the court may seem proper under the law." It also further prays:

"That upon a final hearing the Court shall order an abatement of the nuisance hereinabove alleged, the destruction of all illegal gaming tables or other gaming devices which may be seized by the writ of seizure to be granted in this cause, and all property subject to forfeiture and destruction in any way used in keeping and maintaining said nuisances, and permanently enjoining each of the said defendants from engaging further in the transactions of the matters herein alleged, and permanently pad-locking the building located on said property hereinabove described.

"Your complainant prays for such other, further, and additional relief to which in equity and good conscience may be due it in the premises."

Preliminary writ of injunction was issued and respondents made no effort to have it discharged or dissolved.

No question is here argued as to the sufficiency of the bill to invoke the jurisdiction of the court to abate the alleged nuisance.

Respondents filed an answer denying each and every allegation of the bill.

The trial court, after hearing the evidence ore tenus, decreed (1) that each of the respondents is permanently and perpetually enjoined from keeping and maintaining an illegal gambling nuisance in the place described in the bill; (2) that each of the respondents is permanently and perpetually enjoined from maintaining any such common gambling nuisance at any other location in Colbert County, Alabama; (3) that the place described in the bill be padlocked and that the respondents be permanently enjoined and restrained from renting, leasing, or letting the property described in the bill to any other person for the purpose of conducting a gambling house thereon; (4) the gambling paraphernalia theretofore seized was condemned.

We are not here concerned with that portion of the decree which ordered that

the place described in the bill be padlocked and that respondents be enjoined from renting, leasing or letting the property described in the bill to any other person for the purpose of conducting a gambling house thereon. In this respect the decree has in effect been modified. It appears that after the decree was rendered, respondent Young, who was the owner of the property, conveyed it to another party, who is now occupying it as a residence. Upon such a showing being made, the trial court modified the decree so as to permit the purchaser to occupy the premises.

■■ We are of the opinion that under the evidence in this case the trial court correctly enjoined each of the respondents from operating a gambling nuisance on the premises described in the bill. The evidence shows beyond any sort of doubt that the place described in the bill was being used by the public for gambling purposes. The gambling establishment appears to have been operated by the respondent Lowery, who was the president of the Muscle Shoals Social Club; but gambling activities were not in any wise confined to the members of the said Club. The respondent Shahan was the vice-president of said Club. The respondent Young was the owner of the premises. It was not necessary that the evidence show that the respondent Young had actual knowledge of the fact that the place owned by him was being used as a public gambling place. State ex rel. Bailes v. Guardian Realty Co., 237 Ala. 201, 186 So. 168, 121 A.L.R. 634. However, the evidence tends to show that the respondent Young was connected with the actual operation of the gambling establishment.

■ We are also of the opinion that the trial court correctly ordered the confiscation of the gambling paraphernalia (cards and poker chips) seized by the officers at the time the gambling establishment was raided. While § 293, Title 14, Code 1940, does not expressly authorize an order of condemnation, it contains the following provision: " * * * and all rules of evidence and the practice and procedure that pertain to courts of equity generally in this state may be invoked and employed in any injunction procedure hereunder, *and all the rules and regulations prescribed by law for the institution and conduct of suits in equity to abate liquor nuisances may be invoked and applied insofar as the same can be adapted to or made applicable, directly or indirectly, or by analogy, to suits in equity under this section.*" (Emphasis supplied.)

Section 147, Title 29, Code 1940, which relates to the abatement of liquor nuisances, provides as follows: "Upon the final hearing of the case instituted to abate a liquor nuisance, if it shall appear that the bill has been sustained by the evidence, or has been taken for confessed, the court shall order an abatement of the nuisance, which order shall direct the destruction of all such prohibited liquors and beverages as are found upon the premises, together with all signs, screens, bars, bottles, glasses and other movable property used in keeping and maintaining said nuisance, and the destruction of all such liquors and beverages, and such movable property as may have been seized under authority of the court pending the hearing of the cause."

■ The decree of the trial court is in error in so far as it enjoins the respondents from maintaining "any such common gambling nuisance" in any other location in Colbert County. No such power is given in respect to gambling nuisances, nor in respect to liquor nuisances. There is such power conferred upon courts of equity in regard to the abatement of nuisances as defined in § 1091, Title 7, Code 1940. See § 1103, Title 7, Code 1940. However, such power does not extend to the abatement of gambling nuisances. Such is the effect of the holding of this court in the case of Ex parte Hill, 229 Ala. 501, 158 So. 531.

The decree appealed from is modified by striking therefrom that portion which enjoins the respondents from operating a common gambling nuisance anywhere in Colbert County.

As so modified, the decree is affirmed.

Modified and affirmed.

BROWN, FOSTER, LIVINGSTON, SIMPSON and STAKELY, JJ., concur.