232 So.2d 595

**Harry ALEXIOU, Fine Dining, Inc., a Corp.**

v.

**Nicholas CHRISTU and Despina N. Christu.**

**6 Div. 606.**

Supreme Court of Alabama.

Jan. 29, 1970.

Rehearing Denied March 26, 1970.

Whitmire, Morton & Coleman, Birmingham, for appellants.

Bainbridge & Mims, Birmingham, for appellees.

SIMPSON, Justice.

This is an appeal by the defendants in a lawsuit filed by the plaintiffs claiming, aft-er the complaint was amended, $643.50 due for money received by the defendants to the use of the plaintiffs and an additional $15,000 damages for the conversion of certain restaurant equipment belonging to the plaintiffs.

The case was tried to a jury which returned a verdict in favor of the plaintiffs. The verdict was in the following form:

"We, the jury, find for the plaintiffs and against the defendants and assess their damages at Twenty Six Hundred and 43/100 ($2,643.50) [sic] Dollars, * * *."

The trial court entered a judgment on the verdict in favor of the plaintiffs in the amount of Twenty Six Hundred and 43/100 ($2,600.43) Dollars.

This appeal followed.

There are only three assignments of error. The first takes the position that the court below erred in allowing Mr. Christu to testify as to the value of the equipment claimed to be converted by the defendants.

The undisputed facts were that the plaintiffs owned a tract of land in Jefferson County on which was situated a restaurant. In 1958 they leased the land and restaurant to third parties, not here involved. A list of restaurant equipment let under the lease was attached to and made a part of the lease as Exhibit A. This lease was transferred to the defendants in 1959. It provided in part as follows:

" * * * All furniture and fixtures, kitchen and dining equipment purchased by Lessee and placed in said building are to remain the property of the Lessee, * * *.

"10. It is further agreed between the Lessor and the Lessee that when in the opinion of the Lessee the furniture and fixtures, dining and kitchen equipment now owned by the Lessor, and as shown on the attached list of equipment, is worn out and unusable by the Lessee, and said Lessee shall have the right to

trade or exchange said worn out equipment for new equipment and the difference between the amount allowed on the old equipment and the purchase price of said new equipment so purchased by the Lessee shall be and remain the Lessee's property provided, however, that the amount allowed on the property or equipment traded in shall forthwith be paid by the Lessee to the Lessor."

The plaintiffs contended, and it was not disputed, that the defendants had traded in a cash register which was the property of the Lessor and had received $643.50 credit on the trade, which under the provisions of the lease just quoted belonged to the plaintiffs.

In 1965 the State condemned the property upon which the restaurant was located and the lessees were required to vacate. The plaintiffs contended that the defendants took away certain items of equipment listed on the original Exhibit A to the lease.

In defense, Mr. Harry Alexiou, the only defendant to testify, said that he never made an inventory of the equipment when he took the premises over from the third parties, that he did not know how much of the equipment belonged to Mr. Christu, and that he thought Mr. Christu had gotten everything that belonged to him. Mr. Christu introduced a list of equipment which he claimed had been taken away by the defendants. Some items were circled, which Mr. Christu admitted had been returned to him.

In the first assignment of error the defendants argue that the trial court erred in overruling their objection to the following question put to Mr. Christu:

" 'Tell the jury what in your opinion was the fair and reasonable market value of the equipment on your list here, excluding what you have circled out.' "

There was no error in allowing the witness to respond to this question. It was not disputed by the defendants that Mr. Christu was the owner of the property involved. Ownership of personalty qualifies the owner to testify as to the value of such items. In Ala. Great Southern R. R. Co. v. Russell, 35 Ala.App. 345, 48 So.2d 239, it was said:

"It is well settled by our decisions that the owner of personalty may testify as to its value, whether he is generally familiar with such values or not. Ward v. Reynolds, 32 Ala. 384; Moss v. State, 146 Ala. 686, 40 So. 340; Southern Ry. Co. v. Morris, 143 Ala. 628, 42 So. 17; Alabama Power Co. v. Armour & Co., 207 Ala. 15, 92 So. 111; Lincoln Reserve Life Ins. Co. v. Armes, 215 Ala. 407, 110 So. 818. In such cases it is considered that ownership itself renders the owner competent to testify as to its value."

There was no error in allowing the witness to testify as to the value of the property involved.

The second assignment of error relates to argument of plaintiffs' counsel where he said the following:

"MR. BAINBRIDGE: I don't know what your feeling is about this case, but I say that in this country property rights are sacred. And when a man takes something that doesn't belong to him, a jury ought to make him pay for it. And, further than that, if he takes it, knows that it isn't his, the law says the jury can impose what we call punitive damages, punish so that he will never do that again, and will be an example to everyone. And we are asking punitive damages in this case. And the undisputed evidence? It was worth ten thousand dollars. Who said it wasn't? He knows what it was worth.

"Who are these other partners out there, if it was not the plaintiff's? Not one comes to court to support his testimony, and you have a right to consider that, and the fact that they did not come."

 It is noticed that the defendant did not move to exclude any part of the plaintiffs' argument, but merely objected to the whole of the foregoing. Without so holding, it might have been objectionable for the plaintiffs to refer to the fact that other defendants did not testify in this case. However, the reference was to *plaintiffs* who did not testify. The defendants cannot have been injured by this remark. Further, some parts of the argument were unobjectionable. There can be no error predicated on the court's overruling objection to that part, where the objector does not separate the legal from the illegal. Louisville & N. R. R. Co. v. Hurt, 101 Ala. 34, 13 So. 130; Nashville, C. & St. L. Ry. v. Crosby, 183 Ala. 237, 62 So. 889; Hauger Co. v. Abramson, 215 Ala. 174, 110 So. 152.

It is finally argued that the trial court erred in denying defendant's motion for a new trial on the ground that the trial court erred in entering judgment in the amount of $2,600.43 whereas the numbered part of the jury's verdict read $2,643.50, while the written out part read Twenty Six Hundred and 43/100 Dollars.

It has long been settled that a court's right to amend a jury verdict after discharge of the jury is limited to matters of form or clerical errors which are apparent by the record and does not extend to matters of substance required to be passed upon by the jury. We think this case falls into the category of cases where it is permissible for the court to interpret the verdict. Here, the written amount is clear. It is inconsistent by $43.07 from the amount listed in figures. We agree with the trial court that the written amount was the amount intended by the jury as its verdict. Further, we notice that at no time have the defendants argued that the amount of damages awarded by the jury was excessive and further that the defendants have not been prejudiced by the trial court's action in selecting the written amount as expressed in the verdict. We think it was clearly within the court's province to do this, being only a correction of a crudely written verdict.—Ala. Digest, Trial, 340 et seq.

Affirmed.

LIVINGSTON, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.

