231 So.2d 882

**Mary WALKER**

v.

**STATE of Alabama ex rel. William J. BAXLEY, District Attorney, etc.**

4 Div. 333.

Supreme Court of Alabama.

Feb. 19, 1970.

**316**

Farmer & Farmer, Dothan, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for appellee.

PER CURIAM.

Armed with a search warrant issued by the City Recorder of the City of Dothan, pursuant to § 597(1), Title 37, Code 1940, as amended (Act 665, General Acts 1961, Vol. 1, p. 909), 1967 Cum. Pocket Part, Recompiled Code 1958, the police officers of the City of Dothan entered the residence of appellant, who filed as an intervenor herein, and there seized some lottery paraphernalia of the kind described in § 302(1), Article 6, Title 14, Recompiled Code 1958; also they seized $708.37 in cash which was on a table with the lottery paraphernalia.

We note here that § 283, Article 4, Title 14, Recompiled Code 1958, is limited to the gambling devices therein described. Mastoras v. State, 28 Ala.App. 123, 180 So. 113, cert. denied, 235 Ala. 519, 180 So. 115. This section does not embrace or allude to the paraphernalia here under consideration and described in § 302(1), *supra*.

The officers reported the seizure to the District Attorney, who filed condemnation proceedings *in rem* in the Circuit Court of Houston County, in Equity, followed by an amendment for injunctive relief against using appellant's home as a gambling resort. The trial court, after hearing the testimony orally, entered a final decree condemning the money and the paraphernalia as contraband and granting a permanent injunction against the use of appellant's home for gambling purposes.

Section 302(1), *supra*, makes it a misdemeanor for any person to possess "within the state of Alabama any slip, ticket, card, paper, writing, article, thing, or other device or paraphernalia, which is customarily or usually used in the operation of any such game or games, (herein called 'lottery paraphernalia')" and imposes punishment therefor.

The next section (302(2)) makes it a misdemeanor to transport such parapher-

nalia in this state. Then follows § 302(4), which provides for the condemnation and forfeiture of any vehicle used to transport the paraphernalia. Thereafter, provision is made for distribution of funds derived from forfeiture of the vehicle. There is no provision in Article 6, *supra*, that authorizes condemnation proceedings here involved.

■ It is our opinion that § 293, Title 14, and § 147, Title 29, Code 1940, as construed by this court in Young v. State ex rel. Almon, 253 Ala. 312, 45 So.2d 29, authorized the seizure and condemnation of the money and the lottery paraphernalia here involved. Said §§ 293 and 147 are *pari materia.*

■ It appears from the evidence that the money and lottery paraphernalia were in the same room of the searched premises, lying on a table, when the search and seizure were effected. We think that the money, in its intimate association with and its close proximity to the lottery paraphernalia, was there in furtherance of the lottery operations for which the paraphernalia was designed. There could be no lottery operations without prize money. It would be very difficult to conceive of this much money being there under the circumstances for any lawful purpose. The character of the paraphernalia and the need for money to carry on the lottery game strongly support an inference that the money was there in furtherance of the gambling scheme. Appellant offered no explanation as to why this money was there; neither did she attempt to disassociate it from the gambling paraphernalia. She now claims it, although she admitted that at the time of the seizure she said the money did not belong to her. We hold that the money was an accessory to and a component part of the lottery scheme.

Appellant contends in support of Assignments of Error 2 to 8, inclusive, that the search warrant issued in this case did not name the appellant, but described the premises of one Katie McGrady, who at the time of the search had been dead for two years. Katie McGrady was the mother of appellant. The contention is that the warrant, because it did not list appellant as the occupant of the premises, was invalid and rendered the search illegal. Appellant occupied the premises as her home. In support of her contention appellant cites C. D. Hauger Co. v. Abramson, 215 Ala. 174, 175, 110 So. 152, 153, from which we quote:

"The search warrant, under which justification was sought, did not sufficiently comply with the statute; such was the effect of the charge of the court to which exception was reserved. The person is not named or described in the affidavit; only the place is designated. Section 7759 of the Code of 1907. The statute must be strictly construed and complied with, as stated by the trial court * * *."

See Clenney v. State, 43 Ala.App. 622, 198 So.2d 289, rev., 281 Ala. 9, 198 So.2d 293, cert. denied (after remandment), 281 Ala. 717, 198 So.2d 298.

The search warrant here involved was issued by the City Recorder pursuant to § 597(1), Title 37, Recompiled Code 1958, which reads as follows:

"Recorders of municipal courts, as defined in this Title 37, section 582, Code of Alabama 1940, as amended, are hereby authorized to issue search warrants directed to any policeman or marshall (marshal) of the municipality, to search for any personal property when it is made to appear to him upon oath that there is probable cause to believe that such property was stolen or embezzled or was used as the means of committing a felony or is in the possession of any person with the intent to use it as a means of committing an offense contrary to the laws of the State or of the municipality or in the possession of another to whom the same may have been delivered for the purpose of concealing it or preventing

its discovery. (1961, p. 909, appvd. Sept. 6, 1961.)"

We observe nothing in the foregoing statute that requires that the search warrant name the occupant of the premises to be searched. Here appellant was the occupant. The warrant designated the location of the premises. There was no search of appellant's person. We note also that appellant introduced the warrant in evidence without reservation. She thereby waived any imperfection, if there was any. The warrant is not copied into the record.

■ The decree is free from error in granting injunctive relief. The trial court, in its decree, ascertained that the premises were "being used and operated as a common gambling nuisance and was being maintained or resorted to for the purpose of selling, distributing, dividing or collecting certain slips, tickets, cards, papers, writings, articles, things or other devices or paraphernalia which is customarily or usually used in conducting or operating a form or type of lottery, commonly known as numbers, policy or bolita game; that said premises were being used in and about said gambling or lottery business by the intervenor, Mary Walker, and other persons, * * *" This injunctive relief, supported by the evidence, is authorized by § 293, Title 14, Code 1940. See Young v. State ex rel. Almon, *supra.* We are unwilling to disturb this aspect of the decree.

■ We pretermit considering whether the trial court erred (Assignment of Error 12) "in ordering the Register of said Circuit Court to pay all the costs incurred in this cause out of said sum of $708.37, and thereupon and thereafter to pay one-half of the net proceeds, after payment of Court costs, to the General Fund of the City of Dothan, Alabama, and to the Law Enforcement Fund of the State of Alabama, to be used as provided by law."

Neither Houston County, the City of Dothan nor the State of Alabama is here complaining about this division or distribution. That part of the decree is without injury to appellant.—Supreme Court Rule 45, Title 7, Code 1940, Appendix.

The final decree is without error and is affirmed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and adopted by the Court as its opinion.

Affirmed.

LAWSON, SIMPSON, MERRILL, HARWOOD and MADDOX, JJ., concur.