336 So.2d 202 (1976)
In re Samuel L. PEAVY, alias
v.
STATE.
Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.
SC 1897.
Supreme Court of Alabama.
August 20, 1976.
William J. Baxley, Atty. Gen., and Stephen M. Langham, Asst. Atty. Gen., for the State.
No appearance for respondent.
SHORES, Justice.
WRIT DENIED. Ala.Cr.App., Ala.App., 336 So.2d 199.
HEFLIN, C. J., and MADDOX, J., concur.
BLOODWORTH, J., concurs specially.
FAULKNER, JONES, ALMON, EMBRY and BEATTY, JJ., concur with BLOODWORTH, J.
BLOODWORTH, Justice (concurring specially.)
In concurring to deny the State's petition for writ of certiorari, I wish to state the following.
Although the Attorney General contends that the white pill on the dash of defendant's car was seized because it was in "plain view," the facts of this case do not fit the "plain view" doctrine. See Shipman v. State, 291 Ala. 484, 282 So.2d 700 (1973); Kinard v. State (1976) Ala., 335 So.2d 924.
Moreover, it appears that the warrant in question was executed at night. Although the opinion of the Court of Criminal Appeals does not deal with this issue, we note that Tit. 15, § 107, states that warrants must be executed in the daytime unless the *203 affiant states positively in the affidavit that the property is in the place to be searched.
FAULKNER, JONES, ALMON, EMBRY and BEATTY, JJ., concur.