BOWEN, Judge.
The defendant was indicted and convicted for the possession of heroin. Sentence was fixed at six years’ imprisonment and a fine in the amount of two thousand dollars. The only issue is one of probable cause to search.
The uncontradicted evidence shows that Officer J. L. Sims of the United Narcotics Detail Operation of Jefferson County obtained a legal and proper warrant to search the house of Louise Ellis at 2447 9th Avenue South in the City of Birmingham. The affidavit for the warrant was based on the information of a confidential and reliable informer who had observed Ms. Ellis sell a quantity of heroin to individuals who came to the stated address within the past twenty four hours. Armed with the search warrant and accompanied by other officers, Officer Sims went to the house on March 1, 1978. The defendant was found shaving in the upstairs bathroom. Two other males and two females were also present in the house. Ms. Ellis was not home.
While other officers searched the house, Officer Sims talked with the defendant and the other occupants. Sims noticed that the defendant “was speaking like he was thick-tongued or like he was trying to hold his tongue stationary, . . . , or through his. nose”. Sims also noticed that the defendant looked “like he was trying to force a swallow down his throat”. Officer Sims had talked with the defendant another occasion prior to this date and noticed the difference in the manner in which the defendant talked.
When the defendant opened his mouth as requested, Sims observed a small “tinfoil packet”. He ordered the defendant to “spit it out”. The packet contained 2.202 grams of a granular material containing heroin.
While Officer Sims did not know if the defendant lived at Ms. Ellis’ address, he was aware that the defendant and Ms. Ellis “went together or there was a common law marriage . . . . There was a relation *1276 ship, . . . No other narcotics were found, except for “a joint or two of marijuana” which the officers simply “flushed” and on which they did not make a case.
The fact that Officer Sims had a warrant to search Ms. Ellis’ house did not authorize a search of the defendant simply because of the defendant’s presence at the place being searched. It is uncontested that Sims was lawfully on the premises. That Officer Sims had probable cause to search the defendant plus exigent circumstances is clear and needs no citation of authority. The collective facts which Officer Sims enunciated at trial reveal that his search was based upon more than a mere whim, caprice, or naked suspicion.
“The ‘probabilities’ implied by the term ‘probable cause’ are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. Brinegar, supra. (Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)). Probable cause does not preclude all room for doubt nor need the officers be absolutely certain and positive that a crime is in the making.”
Hatton v. State, 359 So.2d 822, 829 (Ala. Cr.App.1977), cert. quashed, 359 So.2d 832 (Ala.1978).
Under the circumstances, any other course of action by Officer Sims would have been unreasonable.
We have searched the record and found no error prejudicial to the defendant. Since he received a fair and impartial trial, the judgment of conviction is affirmed.
AFFIRMED.
All Judges concur.