Defendant appeals from an order authorizing the condemnation of money. We reverse and remand.
On September 14, 1978, defendant Marvin Jackson was arrested in a Montgomery motel room and charged with the offense of selling a controlled substance. After the arrest, Jackson's rented car, which was parked in the motel parking lot, was searched by agents of the Alabama Alcoholic Beverage Control Board. No drugs or drug paraphernalia were found in the car, but a search of the trunk disclosed $15,600 in cash — $600 in loose bills and $15,000 contained in envelopes. The money was seized by the ABC agents and was turned over to the District Attorney of the Fifteenth Judicial Circuit. On September 22, 1978, the district attorney filed a petition to condemn the confiscated money, alleging that it "was to be used or had been used" by defendant to traffic in narcotics. In his answer, defendant alleged that the $15,600 was his property and that it was not involved in the transaction for which he was arrested. Following a hearing, the circuit court ordered the money condemned "as contraband." Defendant's motion for a new trial was subsequently denied.
The Alabama Uniform Controlled Substances Act specifically enumerates the types of property that may be confiscated in connection with drug-related offenses. The statute that controls in this case provides:
(a) The following are subject to forfeiture:
 (1) All controlled substances which have been manufactured, distributed, dispensed or acquired in violation of this chapter;
 (2) All raw materials, products and equipment of any kind which are used or intended for use in manufacturing, compounding, processing, delivering, importing or exporting any controlled substance in violation of this chapter;
 (3) All property which is used or intended for use as a container for property described in subdivisions (1) or (2) of this subsection;
 (4) All conveyances, including aircraft, vehicles or vessels, which are used or intended for use to transport or in any manner to facilitate the transportation for the purpose of sale or receipt of property described in subdivisions (1) or (2) of this subsection; provided, however, that:
 a. No conveyance used by any person as a common carrier in the transaction of business as a common carrier is subject to forfeiture under this section unless it appears that the owner or other person in charge of the conveyance is a consenting party or privy to a violation of this chapter;
 b. No conveyance is subject to forfeiture under this section by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent; and
 c. A forfeiture of a conveyance encumbered by a bona fide security interest is subject to the interest of the secured party if he neither had knowledge of nor consented to the act or omission;
 (5) All books, records and research products and materials, including formulas, *Page 1238 
microfilm, tapes and data, which are used or intended for use in violation of this chapter. [Code of 1975, § 20-2-93 (a)(1)-(5).]
Clearly, money does not fall within any of the foregoing categories. Because statutes authorizing condemnation and forfeiture of property must be strictly construed, Reeder v.State ex rel. Myers, 294 Ala. 260, 314 So.2d 853 (1975), we are constrained to hold that the trial court clearly erred in declaring the $15,600 to be contraband and subject to forfeiture.
Plaintiff takes the position that Walker v. State ex rel.Baxley, 285 Ala. 315, 231 So.2d 882 (1970), is controlling in this situation. The Walker case, however, is not on point, for there are important distinctions, both factual and legal, between that case and the case at hand. In Walker, this Court upheld the condemnation of money which was found on a table along with certain lottery paraphernalia. Noting that the money was in "intimate association with and [in] close proximity to" the gambling devices, we held that the money was subject to forfeiture because it was "an accessory to and a component part of the lottery scheme." 285 Ala. at 317, 231 So.2d at 884. That cannot be said in the instant case, for here it is undisputed that the money seized was not connected in any way with the offense for which defendant was arrested, nor was it found in close proximity to any paraphernalia associated with illegal drug use.
The reasoning employed in Walker is also unavailable to us in this case. Although there was no express provision authorizing the condemnation of money under the pertinent gambling statute in Walker, that statute specifically referred the courts to the rules and regulations governing actions to abate liquor nuisances. See Code of 1975, § 13-7-90. Construing the gambling statute in pari materia with the statutory provision allowing the condemnation of movable property used in keeping and maintaining a liquor nuisance (See Code of 1975, § 28-4-232), this Court held that the money could properly be condemned. The forfeiture provision applicable in this case, however, is the exclusive expression of the legislative intent as regards condemnation under the Controlled Substances Act; no reference is there made to any other provision which would allow the condemnation of any property other than that which is listed. Because money is not an item of property enumerated as being subject to forfeiture under Code of 1975, § 20-2-93 (a), the legislature did not give to the district attorney any authority to seize Mr. Jackson's $15,600.
In accord with the foregoing, the order of the Montgomery Circuit Court allowing the condemnation of the $15,600 must be, and is, reversed and remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON and SHORES, JJ., concur.