TYSON, Judge.
Mary T. Martin was indicted for the violation of § 20-2-70 of the Alabama Uniform Controlled Substances Act. The jury found the appellant “guilty of the possession of marijuana other than for personal use” and fixed her fine at $10,000. The trial judge sentenced her to 15 years’ imprisonment and set her fine at $10,000.
I
The appellant alleges that the search warrant in this case was invalid and, therefore, her motion to suppress should have been granted. The following facts were established at the suppression hearing.
Harris Huffman, a narcotics investigator with the Dallas County Sheriff's Department, stated that on March 8, 1984, he received information from a reliable confidential informant that a man named Bubba lived at 2510 Philpott and that there was marijuana at this residence. On the basis of this information, Huffman signed an affidavit for a search warrant and took it to District Judge Childers. He swore on the affidavit in front of Judge Childers and received a search warrant to search the residence at 2510 Philpott, Selma, Alabama.
On that same day Huffman, who was accompanied by Catherine Ott of the Alabama Bureau of Investigation, Captain Billy Duke of the Dallas County Sheriffs Department and Detective Steve Tidwell of the Selma Police Department went to the house located at 2510 Philpott and executed the warrant.
Upon their arrival at the house several persons were there, including Bubba, whose name is Tommy Cobb, and this appellant. These persons were told to stay in the living room while a search of the premises was conducted. Two baggies containing marijuana were found in one of the bedrooms and a purse containing marijuana was found under the sofa in the living room.
It was established that the residence at 2510 Philpott was being leased by the appellant and that Bubba was her boyfriend and was living there with her.
The purse found under the sofa contained several utility receipts in the name of the appellant and several other items belonging to the appellant. While an inventory of the purse was being made, the appellant admitted the purse belonged to her.
After the appellant was placed under arrest and advised of her Miranda rights, she made a statement that the marijuana was hers and did not belong to anyone else.
The appellant challenges the validity of the search warrant on the grounds that it authorized an exploratory search and that the appellant was not named in the warrant. The appellant’s arguments are without merit.
First of all, the warrant does not authorize an exploratory search. The case at bar is clearly distinguishable from the cases cited to us by the appellant. In Peavy v. State, 336 So.2d 199 (Ala.Crim. App.), cert. denied, 336 So.2d 202 (Ala. 1976), the warrant did not contain a specific address and authorized a “search of each and every person present in or near said mobile home and any motor vehicle adjacent to said mobile home.” Peavy, supra at 201. In the case at bar the warrant authorized a search of “... the place named [‘a house located at 2510 Philpot, Selma, Dallas County, Alabama’] for the property specified and the persons and vehicles if you find the same present.” (R. 125). An occupant of the house, “Bubba”, was named in the warrant.
Furthermore, in Peavy, supra, the contraband was found, not in the mobile home, but in a car outside. In the present case, the marijuana was found in the residence specified in the warrant.
In Gass v. State, 372 So.2d 904 (Ala. Crim.App.1979), the contraband was not found at the location specified in the warrant but was found in another county. As *652 stated before, the marijuana in this case was found at the location specified in the warrant.
The record does not support the contention that the search warrant in this case authorized an illegal exploratory search.
Secondly, the fact that the appellant was not specified in the indictment does not render it invalid. The warrant did specify an occupant of the residence. See Cabbie v. State, 347 So.2d 546 (Ala.Crim.App.), cert. denied, 347 So.2d 551 (Ala.1977).
The search warrant in the case at bar is valid.
II
The appellant alleges that the affidavit in support of the issuance of the search warrant did not establish probable cause. This issue is not preserved for our review since the affidavit has not been made a part of the record. Thomas v. State, 383 So.2d 214 (Ala.Crim.App.1980) and cases cited.
This record is free of error and the judgment of the trial court is therefore affirmed.
AFFIRMED.
All the Judges concur.