TAYLOR, Presiding Judge.
The appellant, Robin Dewayne Helms, was convicted of violating the Uniform Controlled Substances Act, and was sentenced to ten years’ imprisonment. On appeal, he raises three issues, all of which deal with the validity of, first, the affidavit, then, the search warrant, and, finally, the resulting search.
I
Initially, appellant argues that the trial court erred in denying his motion to suppress the cocaine discovered in a strip search of his person because there was no basis for the reliability or credibility of the informant. Therefore, appellant contends, the affidavit was defective and no warrant should have been issued.
The affidavit in question reads as follows:
“Before me, Charles Thigpen, Judge of the Circuit Court of Dallas County, Selma, Alabama, the undersigned W.H. Duke, Investigator with the Dallas County Sheriff’s Department, who is known to me, being duly sworn, deposes and says *599 that there is now being concealed certain property located in an apartment known as # 12G Chanticleer Apartments, Selma, Alabama. The property being concealed is as follows:
“Cocaine, Marijuana and other illegal Drugs
“which constitutes legal evidence pertaining to Possession of Illegal Drugs and that the fact tending to establish the aforegoing grounds for issuing a search warrant are as follows:
“I, W.H. Duke, Investigator with the Dallas County Sheriffs Department, have received information from a confidential reliable informant, whose information over a period of the last twelve months has led to narcotic arrest [sic] and convictions. That there is presently contained at this residence illegal drugs, to-wit: Cocaine, Marijuana and other illegal drugs. The aforesaid informant stated that during the past 24 hours he has visited the above described apartment and saw Cocaine, Marijuana, and other illegal drugs there. Said informant further states that he is familiar with the appearance of Cocaine and Marijuana and the substance at the premises is in fact Cocaine and Marijuana. This information was given to me by the informant within the past 24 hours prior to the making of this affidavit.
“Based on all of the above information I have probable cause to believe and do believe that there is presently contained at the residence, illegal drugs.”
The “totality-of-the circumstances” test articulated in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), is the standard now used to evaluate probable cause based on an informant’s tip:
“The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a ‘substantial basis for ... concluding]’ that probable cause existed. Jones v. United States, 362 U.S., [257] at 271 [80 S.Ct. 725, 736, 4 L.Ed.2d 697], We are convinced that this flexible, easily applied standard will better achieve the accommodation of public and private interests that the Fourth Amendment requires than does the approach that has developed from Aguilar and Spinelli.”
Gates, 462 U.S. at 238-39, 103 S.Ct. at 2332. Despite this, vestiges of the two-pronged test established by the decisions in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), remain. As Judge Bowen wrote in Bishop v. State, 518 So.2d 829, 831 (Ala.Cr.App.1987):
“Although the two-pronged test of Aguilar-Spinelli has been abandoned, it has not been forgotten. ‘[A]n informant’s “veracity”, “reliability,” and “basis of knowledge” are all highly relevant in determining the value of his report’ and are ‘relevant considerations in the totality-of-the circumstances analysis that traditionally has guided probable-cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.’ Gates, 462 U.S. at 230, 233, 103 S.Ct. at 2328-29.”
In the instant case, Investigator Duke’s affidavit established the reliability of his informant, as well as the informant’s basis of knowledge. This affidavit meets both the Gates “totality-of-the-circumstances” test and the two-pronged Aguilar-Spinelli test. Therefore, it was unnecessary for the officer to include any other information about his informant in the affidavit. Thus, the search warrant need not fail based on the reliability of the informant’s information.
II
Appellant also contends that the trial court erred in failing to suppress the cocaine seized from his person because he *600 was neither named nor described in the search warrant. He further contends that the search of his person cannot be justified as a search incident to a lawful arrest because, at the time he was strip searched, no probable cause existed for his arrest. We must, reluctantly, agree.
Section 15-5-3, Code of Alabama 1975, states that “A search warrant can only be issued on probable cause, supported by an affidavit naming or describing the person and particularly describing the property and the place to be searched.” As this court has held, general statutes regarding the issuance and execution of search warrants are to be strictly construed. Rivers v. State, 406 So.2d 1021, 1022 (Ala.Cr. App.), cert. denied, 406 So.2d 1023 (Ala. 1981).
The search warrant issued in the instant case reads as follows:
“STATE OF ALABAMA “COUNTY OF DALLAS “TO THE SHERIFF OR DEPUTY SHERIFF OF SAID COUN-TY_GREETINGS:
“Affidavit having been made before me by W.H. Duke, Investigator with the Dallas County Sheriffs Department, Dallas County, Alabama, that he has reason to believe that there is now being concealed certain property in an apartment known as # 12G Chanticleer Apartments, Selma, Alabama. The property being concealed is as follows:
“Cocaine, Marijuana and other illegal Drugs
“and as I am satisfied that there is probable cause to believe that the property so described is being concealed on the premises above described and that the afore-going grounds for application for issuance of the search warrant exist.
“You are hereby commanded to search forthwith the residence above described for the property and the persons, if you find the same present serving this warrant and making the search in the daytime and if the property be found there to seize it, leaving a copy of the warrant as a receipt for the property taken, and prepare a written inventory of the property seized and return this warrant and bring the property before me within ten (10) days of this date, as required by law. “Dated this the 5th day of June, 1987.
-s- Charles A. Thigpen JUDGE OF THE DALLAS COUNTY CIRCUIT COURT”
As can be seen from the above, the search warrant contains no descriptions or names of any persons to be searched. The leading case on this issue is Ybarra v. Illinois, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979). In Ybarra, the United States Supreme Court held that the Fourth and Fourteenth Amendments will not be construed to permit evidence searches of persons who, at the commencement of the search, are on “compact” premises subject to a search warrant, but are not named or described in the warrant, even where the police have a “reasonable belief” that such persons “are connected with” drug trafficking and “may be concealing or carrying away the contraband.” 444 U.S. at 94, 100 S.Ct. at 344. This court, as well as all other courts in this land, is obliged to follow this decision.
Alabama courts, in following the dictates of Ybarra, have held that a warrant to search designated premises will not authorize the search of every individual who happens to be on the premises. Travis v. State, 381 So.2d 97, 101 (Ala.Cr.App.1979), cert. denied, 381 So.2d 102 (Ala.1980). Neither does the fact that law enforcement officials have a warrant to search the house of an accused’s girl friend authorize a search of the accused simply because of his presence at the place being searched. Denson v. State, 375 So.2d 1275, 1276 (Ala. Cr.App.), cert. denied, 375 So.2d 1276 (Ala. 1979). Furthermore, a search warrant authorizing the search of “each and every person present in or near said mobile home” for drugs has been held “too broad” to pass constitutional muster. Peavy v. State, 336 So.2d 199, 202 (Ala.Cr.App.), cert. denied, 336 So.2d 202 (Ala.1976). See also Clenney v. State, 281 Ala. 9, 198 So.2d 293 (1966); C.D. Hauger Co. v. Abramson, 215 Ala. 174, 110 So. 152 (1926); C. Gamble, McElroy’s Alabama Evidence *601 § 334.01(2)(f) (3d ed.1977). The warrant issued in the instant case authorized the search of “the residence above described for the property and the persons.” Based upon Ybarra and the aforementioned Alabama cases, the wording “and the persons” contained in the warrant was too broad to justify the search of appellant’s person, since no persons were named or described in the warrant.
Because the search of appellant’s person was not justified under the search warrant, we must now decide whether the search of appellant’s person falls within one of the exceptions to the warrant requirement. These exceptions are: (1) plain view, (2) consent, (3) incident to a lawful arrest, (4) hot pursuit or emergency situations, (5) exigent circumstances coupled with probable cause, and (6) stop and frisk situations. Ex parte Hilley, 484 So.2d 485, 488 (Ala. 1985); Dixon v. State, 476 So.2d 1236, 1238 (Ala.Cr.App.1985).
In the instant case, law enforcement officials went to the location to be searched —# 12-G, Chanticleer Apartments — and detained appellant and his companion while the premises were searched. Pursuant to the decision in Michigan v. Summers, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981), appellant’s detention was allowable, even though he was not named in the warrant. Unlike the situations in Michigan v. Summers, supra, and Martin v. State, 473 So.2d 650 (Ala.Cr.App.1985) (accused neither named nor described in search warrant), however, no drugs or other contraband were found on the premises. Therefore, the search of appellant’s person can-' not be justified as occurring incident to a lawful arrest. Michigan v. Summers, 452 U.S. at 705, 101 S.Ct. at 2595; Martin v. State, supra, 473 So.2d at 651. Neither can appellant’s strip search be justified under the exigent circumstances plus probable cause exception which allowed a war-rantless search of an individual in Denson v. State, supra, 375 So.2d at 1276. In Denson, the fact that the accused, who was not named or described in the warrant, was talking peculiarly gave police probable cause to believe that he was attempting to swallow a packet of heroin, thus justifying the warrantless search. Nor can appellant’s search be classified as occurring during hot pursuit or other emergency situations, as was the case in Travis v. State, 381 So.2d at 101, where the accused, who was not named or described in the warrant, was attempting to flee the scene of the search. As the cocaine was found only after a strip search of the appellant, it obviously cannot fall within the plain view exception. Neither can the search be justified under the consent exception. Finally, appellant’s search was far too intrusive to fall within the stop and frisk exception. Brannon v. State [Ms. 1 Div. 509, February 24, 1989] (Ala.Cr.App.1989).
Because of the controlling authority of the United States Supreme Court case of Ybarra v. Illinois, supra, we reluctantly hold that the strip search of appellant was not justified under the search warrant as written, or pursuant to any of the exceptions to the warrant requirement. Accordingly, the cocaine taken from him was due to be suppressed.
The conviction is reversed the cause is and remanded to the circuit court for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.