JONES, Justice.
Empiregas, Inc. of Huntsville appeals from a judgment based upon a jury verdict in favor of Ernest R. Simpson and his insurer and subrogee Alfa Mutual Insurance Company. Simpson’s statement of his claim alleged that he suffered the loss of personal property in a tool shop fire caused by a malfunctioning liquified gas tank regulator furnished by Empiregas. The case was tried to the jury on two theories: 1) Negligence; and 2) defective product, i.e., the Alabama Extended Manufacturer’s Liability Doctrine (Ala.Code 1975, § 6-5-501 et seq.) (“AEMLD”).
We address the following issues presented for our review: Whether the trial court erred 1) in denying Empiregas’s motion for directed verdict on the issue of negligence on the ground that Simpson was guilty of contributory negligence as a matter of law; 2) in submitting to the jury Simpson's theory of recovery based on the AEMLD; and 3) in permitting Simpson to prove damage to personal property (appellant argues that his testimony lacked a proper foundation as to the property’s fair market value before the loss).

The Contributory Negligence Issue

The essence of Empiregas’s “contributory negligence” contention is stated in its brief as follows:
“At the close of the case, Empiregas requested [the] court to direct to it a verdict on the issue of negligence because [Simpson] was contributorily negligent as a matter of law. The reason for this was because [Simpson] had installed the subject regulator outside the dome [of the tank]. [Empiregas’s] expert stated that it should have been placed under the dome. [Simpson’s] expert stated that as a proximate consequence of Empire-gas’s failure to reinstall the regulator under the dome, an icicle formed on the spout allowing a surge of gas through the line thereby causing a fire. In other words, [Simpson’s] expert stated that if the regulator had been under the dome, then Empiregas would not be guilty of negligence. Since the regulator was outside the dome, Empiregas was guilty of negligence for failure to put the regulator back under the dome.
“It should be noted that [Empiregas] never put this regulator on the tank outside of the dome. The person who placed *29 it outside the dome was the [plaintiff Simpson].... ”
If the factual premises for its “contributory negligence” contention were accurate and complete, we would necessarily accept Empiregas’s position that Simpson is barred from recovery by his own negligence. See State Farm Mutual Automobile Ins. Co. v. Dodd, 276 Ala. 410, 162 So.2d 621 (1964). The record of trial, however, shows other facts and circumstances that cause us to reject this allegation of error. When the LP gas tank was relocated to serve the heating unit in the tool house, Empiregas furnished to Simpson a different tank regulator, which Simpson installed in exactly the same place on the tank and in exactly the same manner as the old regulator. Empiregas refilled the tank at least 15 times after its relocation and before the fire; and, according to its established policy, Empiregas employees inspected the tank at each refill for matters relating to safety of operations. Under , the totality of these circumstances, the trial court did not err in submitting the issue of Simpson’s contributory negligence for jury determination. Sungas, Inc. v. Perry, 450 So.2d 1085 (Ala.1984).

The AEMLD Issue

Empiregas argues that, because Simpson’s statement of his claim did not contain a specific reference to the AEMLD, this theory should not have been submitted to the jury. It is abundantly clear from the record that, from the outset of the trial, one of Simpson’s alternative theories of liability was based on an alleged defect in the gas tank regulator. His expert witness testified that the regulator contained a mix of two dissimilar metals, which, in her opinion, was a contributing cause of “mechanical freezing,” which, in turn, caused an “over pressure” of gas that resulted in the fire. Because the parties tried this issue without objection, the trial court properly submitted it for jury determination. Bischoff v. Thomasson, 400 So.2d 359 (Ala. 1981). See, also, A.R.Civ.P., Rule 15(b).

The Damages Issue

Recognizing the general rule that a party may testify to the market value of his own property, Empiregas nevertheless contends that the nature of Simpson’s personal property (i.e., specialized tools) requires a greater degree of expertise than that possessed by Simpson to authorize him to give an opinion with respect to its value. While we do not reject this contention out of hand, we do not believe the facts of this case call for the application of an exception to the general rule. The right of cross-examination, a right that was fully and freely exercised in this case, provides a sufficient safeguard against undue prejudice to the opposing party. Alexiou v. Christu, 285 Ala. 346, 232 So.2d 595 (1970); Ala.Code 1975, § 12-21-114.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.