The appellant, Sylvester Brooks, was convicted, after a jury trial, of trafficking in cocaine in violation of § 13A-12-231, Code of Alabama 1975. He was sentenced to life imprisonment and was fined $50,000. The appellant raises several issues on appeal; however, we need only address whether the trial court erred by denying his motion to suppress the cocaine seized from his person.
Detective Melvin Harrison of the Opelika Police Department conducted an investigation of possible cocaine sales at John 
Bo's Fish Supreme [hereinafter "restaurant"] in Opelika, Alabama. Harrison set up a "controlled buy" in which a confidential *Page 98 
informant purchased from Michael Perry[1] a substance (later determined to be cocaine) through one of the restaurant take-out windows. The informant was "wired" with a transmitter, and Harrison observed the transaction take place. Harrison also observed another alleged cocaine sale, although not a controlled buy, by Perry at the take-out window. Harrison also discovered that the restaurant's license and utilities were in the name of Michael Perry. Based on his observations and information, Harrison sought a search warrant.
The affidavit relating to the warrant authorizing the search of the restaurant states, in pertinent part, the following:
 "And . . . the facts tending to establish the foregoing grounds for issuance of a search warrant are as follows: a confidential informant in the past forty-eight hours has purchased cocaine from a black male known as Mike Perry at JOHN BO's FISH SUPREME, 600 South Fourth Street in Opelika, Alabama. The money used in the purchase was copied and the serial numbers recorded. The purchase was also monitored and observed by Det. Harrison. The confidential informant used has been proved to be reliable and in the past has aided in the arrest of several persons. JOHN BO's FISH SUPREME business license is also under the name of Michael Perry. Det. Harrison checked with the Opelika Light and Power and found that the power at JOHN AND BO's FISH SUPREME is issued to Michael Perry."
The search warrant states, in pertinent part:
"To any Sheriff, Deputy and/or Municipal Police:
 "Proof by affidavit having been made this day before me, by Detective Melvin Harrison of the Opelika Police Department.
 "You are hereby commanded to make immediate search on the person and premises of Michael Perry, alias, and the business at 600 South Fourth Street, Opelika, Alabama, known as JOHN AND
 BO's FISH SUPREME, and any other persons therein, and any vehicles on the premise.
 "for the following property[:] cocaine hydrochloride or any other controlled substance and United States Currency."
The issue is whether the Opelika police had a constitutionally permissible reason to search the person of Sylvester Brooks. The search warrant provided for the search of Michael Perry, the restaurant, "any other persons therein," and any vehicles. The language "any other persons therein" is not within the dictates of § 15-5-3, Code of Alabama 1975, which states: "A search warrant can only be issued on probable cause, supported by an affidavit naming or describing the person and particularly describing the property and the place to be searched." (Emphasis added.) "As this court has held, general statutes regarding the issuance and execution of search warrants are to be strictly construed." Helms v. State,549 So.2d 598, 600 (Ala.Cr.App. 1989), cert. denied, 493 U.S. 1022,110 S.Ct. 725, 107 L.Ed.2d 744 (1990). The phrase "any other persons therein" does not identify the person to be searched with reasonable certainty, nor does it particularly describe the appellant. This lack of identity and description "causes the warrant to be fatally defective [as to the search of the appellant] because there was no information to support the probable conclusion that 'anyone in the described place . . . [would be] involved the criminal activity in such a way as to have evidence thereof on his person,' " Clark v. State,527 So.2d 161, 163 (Ala.Cr.App. 1987) (quoting W. LaFave, 2 Searchand Seizure § 4.5(e) (2d ed. 1987)). This rule is especially applicable to cases, such as the present one, in which the officer acknowledged at the suppression hearing that, when obtaining the warrant, he had no knowledge that anyone else was expected to be in the restaurant and that he did not know that the appellant would be present or that the appellant would possess cocaine, *Page 99 
any other controlled substances, or United States currency.
Furthermore, this court has recognized the following:
 "[T]he leading case on this issue is Ybarra v. Illinois, 444 U.S. 85 [100 S.Ct. 338, 62 L.Ed.2d 238], . . . (1979). In Ybarra, the United States Supreme Court held that the Fourth and Fourteenth Amendments will not be construed to permit evidence searches of persons who, at the commencement of the search, are on 'compact' premises subject to a search warrant, but are not named or described in the warrant, even where the police have a 'reasonable belief' that such persons 'are connected with' drug trafficking and 'may be concealing or carrying away the contraband.' 444 U.S. at 94 [100 S.Ct. at 344] . . . This court, as well as all other courts in this land, is obliged to follow this decision.
 "Alabama courts, in following the dictates of Ybarra, have held that a warrant to search designated premises will not authorize the search of every individual who happens to be on the premises. Travis v. State, 381 So.2d 97, 101
(Ala.Cr.App. 1979), cert. denied, 381 So.2d 102
(Ala. 1980). Neither does the fact that law enforcement officials have a warrant to search the house of an accused's girl friend authorize a search of the accused simply because of his presence at the place being searched. Denson v. State, 375 So.2d 1275, 1276 (Ala.Cr.App.), cert. denied, 375 So.2d 1276 (Ala. 1979). Furthermore, a search warrant authorizing the search of 'each and every person present in or near said mobile home' for drugs has been held 'too broad' to pass constitutional muster. Peavy v. State, 336 So.2d 199, 202 (Ala.Cr.App.), cert. denied, 336 So.2d 202 (Ala. 1976). See also Clenney v. State, 281 Ala. 9, 198 So.2d 293 (1966); C.D. Hauger Co. v. Abramson, 215 Ala. 174, 110 So. 152 (1926); C. Gamble, McElroy's Alabama Evidence § 334.01(2)(f) (3d ed. 1977)."
Helms, 549 So.2d at 600-01. See also Smith v. State, 292 Ala. 120, 289 So.2d 816 (1974); Bragg v. State, 536 So.2d 965
(Ala.Cr.App. 1988); Thomas v. State, 353 So.2d 54
(Ala.Cr.App.), cert. denied, 353 So.2d 59 (Ala. 1977). Accordingly, we conclude that the search of the appellant was not proper based on the warrant.
Because the search of the appellant's person was not justified under the search warrant, the cocaine is due to be suppressed unless the search falls within one of the exceptions to the warrant requirement. "These exceptions are: (1) plain view, (2) consent, (3) incident to lawful arrest, (4) hot pursuit or emergency situations, (5) exigent circumstances coupled with probable cause, and (6) stop and frisk situations." Helms, 549 So.2d at 601. The state, however, asserts no exception; thus, we do not consider any.
The state does argue, however, that even if the warrant was not properly issued for all persons present, the officers conducted the search of the appellant in good faith reliance on the warrant. However, we reject this argument. We note that the state has failed to cite any authority that has applied the good faith exception to a case of similar facts and circumstances.
 "The good faith exception does not extend to cases where the police have no reasonable grounds for believing that the warrant was properly issued. The Court has identified four situations in which police reliance on a warrant is not objectively reasonable: (1) when the magistrate issued the warrant in reliance on a deliberately or recklessly false affidavit, (2) when the magistrate abandoned her judicial role and failed to act in a neutral and detached manner, (3) when the warrant was based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable,' and (4) when the warrant was so facially deficient that an officer could not reasonably have believed it to be valid."
Special Project, Twentieth Annual Review of Criminal Procedure:United States Supreme Court and Courts of Appeals 1989-1990, 79 Geo.L.J. 591, 732-35 (1991) (notes omitted). Both the third and fourth points above are applicable in this case. *Page 100 
First, the warrant, as it applied to "any other persons therein," was based on an affidavit "so lacking in indicia of probable cause" as to anyone other than Michael Perry "as to render official belief in its existence unreasonable." The affidavit simply did not provide probable cause to search any person other than Michael Perry.
Second, the warrant was "so facially deficient" as applied to "any other persons therein," "that an officer could not reasonably have believed it to be valid." Id. A law enforcement officer should reasonably be aware of the well-settled principle of law that mere presence of unnamed and undescribed persons, where an otherwise valid warrant is executed, does not allow a search of those persons when probable cause does not exist. See Smith v. State; Helms v. State; Bragg v. State;Thomas v. State.
Based on the foregoing, the judgment of the circuit court is reversed and remanded.
REVERSED AND REMANDED.
All Judges concur.
[1] Michael Perry's conviction for trafficking in cocaine was affirmed by an unpublished memorandum. Perry v. State,586 So.2d 307 (Ala.Cr.App. 1991).