440 So.2d 1148 (1983)
Louis CRAWLEY, Jr.
v.
STATE.
6 Div. 56.
Court of Criminal Appeals of Alabama.
July 5, 1983.
Rehearing Denied August 2, 1983.
Certiorari Denied November 23, 1983.
*1149 Virginia A. Vinson, Birmingham, for appellant.
Charles A. Graddick, Atty. Gen., and Helen P. Nelson, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 82-1091.
BOWEN, Presiding Judge.
The defendant was indicted and convicted for the unlawful possession of pentazocine. Sentence was twenty years' imprisonment as an habitual offender.
On appeal the defendant argues that there was no probable cause for the initial stop.
Birmingham Police Lieutenant Charles H. Akins testified that on April 8, 1982, while he was driving toward the police station, Reverend Hamilton, the pastor of a church, "ran up and hollered ... and he pointed out a pickup truck that had stolen a battery out of a parking lot of the church." Hamilton was running from the parking lot. Lieutenant Akins stopped the truck in which three people were riding. The driver got out and approached the officer. Lieutenant Akins searched him for weapons. As the officer turned towards the passenger side of the vehicle to look for the battery, the defendant got out of the truck. The lieutenant searched the defendant for weapons and found a hard object in his pocket which "could have been a knife." The object was a medicine bottle which Lieutenant Akins opened, observing tablets which he recognized as "T's" and "Blues". The defendant was then placed under arrest. The tablets contained the controlled substance pentazocine, commonly referred to as talwin.
The defendant contends that the arrest was without probable cause because the two-pronged test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), was not satisfied.
The courts have drawn a distinction between the "criminal" or "underworld" informant and the average citizen who by happenstance finds himself in the position of a victim of or a witness to criminal conduct and thereafter relates to the police what he knows as a matter of civic duty. W. LaFave, 1 Search and Seizure, Section 3.4 (1978). The veracity of the "citizen-informant" is easily established, for "the police should be permitted to assume that they are dealing with a credible person in the absence of special circumstances suggesting that such might not be case." 1 Search at 592 and vol. 3 at 82. Establishing the citizen-informant's basis of knowledge presents no major problem. "Eyewitnesses by definition are not passing along idle rumor, for they either have been the victims of the crime or have otherwise seen some portion of it." United States v. Bell, 457 F.2d 1231 (5th Cir.1972); 1 Search at 602-06.
However, to stop a person for questioning or investigatory detention does not require probable cause. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Bagony v. City of Birmingham, 371 So.2d 80 (Ala.Cr.App.1979); Alabama Code Section 15-5-30 (1975); 3 Search Sections 9.1 through 9.6. The officer need only be able to articulate specific facts and inferences that lead to a reasonable suspicion of criminal activity. Terry, 392 U.S. at 21, 88 S.Ct. at 1879. The degree of reasonable suspicion necessary to make a stop was articulated in *1150 United States v. Cortez, 449 U.S. 411, 417-18, 101 S.Ct. 690, 694-695, 66 L.Ed.2d 621 (1981): "(b)ased upon the whole picture the determining officer must have a particularized and objective basis for suspecting the particular person stopped of criminal activity."
"A policeman who lacks the precise level of information necessary for probable cause to arrest is not required simply to shrug his shoulders and allow a crime to occur or a criminal to escape, and a brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in the light of the facts known to the officer at the time."
6A C.J.S. Arrest, Section 38 (1975).
"This `reasonable cause' for a stop and frisk need not be based only on the officer's personal observation." Butler v. State, 380 So.2d 381, 383 (Ala.Cr.App.1980). Information from citizen-informants may supply the necessary reasonable suspicion. Oliver v. State, 385 So.2d 69 (Ala.Cr.App. 1980). See also Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972).
The investigatory stopping in this case was justified by specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warranted the intrusion. The officer was stopped by a known individual (as compared to an anonymous informant) who approached him and stated that a specific crime had just been committed by individuals in a particular truck which he pointed out to the officer. The officer's conduct was neither arbitrary nor harassing and the need for immediate action was imperative. Consequently, the initial detention was justified. See also United States v. Sierra-Hernandez, 581 F.2d 760 (9th Cir.1978), cert. denied, 439 U.S. 936, 99 S.Ct. 333, 58 L.Ed.2d 333 (1978); Bell v. United States, 280 F.2d 717 (D.C.Cir.1960).
Terry authorized a limited protective search for concealed weapons (a frisk) "(w)hen an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others." 392 U.S. at 24, 88 S.Ct. at 1881. "So long as the officer is entitled to make a forcible stop, and has reason to believe that the suspect is armed and dangerous, he may conduct a weapons search limited in scope to this protective purpose." Adams, 407 U.S. at 146, 92 S.Ct. at 1923. Section 15-5-31, Code of Alabama 1975, authorizes a search for weapons if the officer "reasonably suspects that he is in danger of life or limb" when he has properly stopped a person for questioning.
The officer's frisk for self-protection was justified. He had a legitimate basis for stopping the vehicle and being in immediate proximity to its occupants. Terry, 392 U.S. at 32, 88 S.Ct. at 1885 (J. Harlan, concurring). The incident occurred at 8:00 at night and the vehicle stopped by the officer contained two males and one female. Officer Akins testified that as he started around the side of the truck the defendant "got out presumably to see what I was doing and so forth."
Officer Akins stopped the truck on the suspicion that a theft of an automobile battery had been committed. The comments of People v. Myles, 50 Cal.App.3d 423, 123 Cal.Rptr. 348 (1975), are applicable: "It is reasonable for an officer to believe that a burglar may be armed with weapons, or tools such as knives and screwdrivers which could be used as weapons, and that a pat down search is necessary for the officer's safety." (emphasis added) See also United States v. Stevens, 509 F.2d 683 (8th Cir. 1975). The pat down was reasonable under these conditions. Officer Akins' conduct must be viewed "in terms of what could be considered reasonable under the circumstances then existing", without benefit of hindsight reasoning. Stevens at 688.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

*1151 ON REHEARING
BOWEN, Presiding Judge.
In Illinois v. Gates, ___ U.S. ___, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court of the United States abandoned the two-pronged test established in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and "reaffirmed the totality of the circumstances analysis that traditionally was informed probable cause determinations." Applying that practical, common sense approach to the facts of this case only strengthens our finding of probable cause to arrest.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All Judges concur.