The appellant, Walter Raybon McDaniel, was convicted of possession of drugs, a violation of § 20-2-70, Code of Alabama 1975. He was sentenced to 30 years' imprisonment and was ordered to pay a $50,000 fine.
The state's evidence tended to show that on December 13, 1989, Deputy Watson received information from two informants, one of whom was a confidential informant, that the appellant had several pounds of marijuana in his truck. The confidential informant told Watson that he had seen the marijuana in the appellant's truck. He also told Watson that the appellant would have a weapon in his possession. Another informant, Mrs. Graves, contacted Watson and verified the information provided by the confidential informant. She also said that her daughter and nephew would be with the appellant. Approximately 45 minutes after Watson's call from the confidential informant, two officers stopped the appellant without a warrant. As they approached the truck, they saw a rifle through the back window of the truck. They patted him down and searched the truck. No marijuana was discovered in the truck. However, during the search of the appellant's person, Diazepam pills were found in a brown glass bottle in the appellant's pocket. Diazepam, a common tranquilizer, is a controlled substance. Mrs. Graves's daughter stated that the pills belonged to her. On appeal, appellant challenges the legality of the search.
 I
Initially appellant contends that the officer conducted an illegal search and, thus, that evidence of the pills discovered pursuant to that search was the fruit of an unlawful search and seizure and was due to be suppressed.
According to well established legal principles, searches conducted with no warrant are per se "unreasonable," unless they fall under one of the exceptions to the warrant requirement. See Brannon v. State, 549 So.2d 532 (Ala.Cr.App. 1989).
The exceptions are:
 "(1) in plain view; (2) with consent voluntarily, intelligently and knowingly given; (3) as incident to lawful arrest; (4) in 'hot pursuit' or emergency situation; (5) where exigent circumstances exist coincidentally with probable cause; and (6) in 'stop and frisk' situations."
Smith v. State, 472 So.2d 677, 682 (Ala.Cr.App. 1984).
As Judge McMillan stated in Kinard v. State, 495 So.2d 705
(Ala.Cr.App. 1986):
 "Probable cause exists when the reasonably reliable information known to the officers is sufficient to cause the officers to entertain a strong suspicion that the object of the search is in the particular place to be searched."
495 So.2d at 709.
Probable cause based on information from an informant should meet the test of reliability. See Waters v. State,360 So.2d 347 (Ala.Cr.App.), writ denied, 360 So.2d 358 (Ala. 1978). Two relevant considerations in the determination of the reliability of an informant are basis of knowledge and credibility of the informant. See Stanfield v. State, 529 So.2d 1053 (Ala.Cr.App. 1988). In the instant case, Deputy Watson testified that the confidential informant had proven reliable over the past 7 years. He named several cases which the informant had "made" for him. The informant had also stated that he had observed the marijuana personally. The state proved this informant's reliability.
As mentioned above, in addition to that informant's information, a Mrs. *Page 1147 
Graves had also called the police. Deputy Watson stated that he was familiar with Mrs. Graves because she had reported a burglary several months earlier, which led to the arrest of an individual. "The veracity of the 'citizen informant' is easily established for 'the police should be permitted to assume that they are dealing with a credible person in the absence of special circumstances suggesting that such might not be the case.' " Crawley v. State, 440 So.2d 1148, 1149 (Ala.Cr.App. 1983).
We conclude that there was sufficient probable cause in this case to search the truck.
With regard to the body search of the appellant, we note that Deputy Watson testified that he had had information from the confidential informant that the appellant would have a weapon in his possession.
 "Terry [v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)] authorized a limited protection search for concealed weapons (a frisk) '[w]hen an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others.' 392 U.S. at 24, 88 S.Ct. at 1881. 'So long as the officer is entitled to make a forcible stop, and has reason to believe that the suspect is armed and dangerous, he may conduct a weapons search limited in scope to this protective purpose.' Adams [v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972)] . . . at 146, 92 S.Ct. at 1923. Section 15-5-31, Code of Alabama 1975, authorizes a search for weapons if the officer 'reasonably suspects that he is in danger of life or limb' when he has properly stopped a person for questioning."
Crawley, 440 So.2d at 1150.
In this case, the officer "patted down" the appellant because he had a reasonable suspicion that the appellant was armed, based upon the informant's statement. See, Terry v.Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). However, as stated above, this type of search must be very limited in scope. It is abundantly clear in this case that this was not a Terry stop and patdown. In this case, the police officer testified that he had searched the appellant formarijuana. Deputy Watson further testified that he knew when he touched the pill bottle that it was not a weapon. Deputy Watson was not justified, under Terry, in performing such an intrusive search. The officer's concern was to discover marijuana. Seizure of the pill bottle was not lawful. There was no warrant. There were no exigent circumstances excusing obtaining a warrant. The officer did not seize the bottle in an attempt to protect himself. As a result of the unlawful seizure, evidence of the pills was received into evidence in violation of the United States Constitution. We have no choice, therefore, but to reverse and remand this case for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.