**UNITED STATES of America, Plaintiff,**

v.

**ONE THOUSAND SIX HUNDRED THIRTY DOLLARS ($1,630.00), MORE OR LESS IN UNITED STATES CURRENCY, Defendant,**

**(Walter Raybon McDaniel, Claimant).**

Civ. A. No. 89–H–400–S.

United States District Court,
M.D. Alabama, S.D.

April 4, 1990.

United States Atty. by John T. Harmon, Asst. U.S. Atty., Montgomery, Ala., for plaintiff.

D. Taylor Flowers (court-appointed), Dothan, Ala., for claimant.

## MEMORANDUM OPINION

HOBBS, Chief Judge.

This is an unusual case involving admittedly wrongful conduct by State authorities and alleged abuse of authority by the Federal Government. After State authorities had wrongfully imprisoned claimant for over two years because his conviction was based on an illegal search in violation of claimant's constitutional rights under the Fourth Amendment, the United States brought this action claiming a forfeiture of the $1,630 which was illegally seized in the same search the Federal Government concedes violated claimant's Fourth Amendment rights. The Government argues that, even though it learned of the $1,630 only through the illegal arrest of claimant, it can successfully demand its forfeiture, thereby accomplishing some of the punishment and deterrent that could not be legally accomplished in the criminal proceedings. Unmoved by the fact that claimant was wrongfully imprisoned for over two years as the result of unconstitutional excesses, the Federal Government demands a forfeiture of the $1,630. Although this Court feels strongly that a wise exercise of prosecutorial discretion should have caused the Government to forego this forfeiture action, the Court concludes that not only is the Government's forfeiture action unwise as seeking a last pound of flesh from this claimant who is proceeding in forma pauperis, but as a matter of law it cannot succeed for the reasons hereinafter set forth.

## PROCEDURAL HISTORY

This cause comes before the Court on claimant's motion to suppress, filed February 2, 1990, and the Government's responses thereto, filed February 28 and March 23, 1990. The Court held a preliminary hearing on the motion to suppress on March 26, at which time claimant, proceeding pro se, requested the Court to reconsider the Order entered September 15, 1989, which denied claimant's motion to dismiss on the basis that the Government had deprived him of his property without due process of law. Claimant also requested reconsideration of the Order entered March 22 which denied claimant's motion for appointment of counsel. On such reconsideration, the Court appointed claimant counsel for purposes of his motions to suppress and to dismiss and held a second hearing on these motions on March 30, 1990. The Court finds that both motions are due to be granted, and this cause is due to be dismissed, with prejudice.

## FACTS

On December 13, 1986 claimant and his nephew were driving a truck on a public highway in Houston County, Alabama, when they were pulled over by Houston County Deputy Sheriff Joe Watson. Deputy Watson had no warrant but had received information from two sources that claimant had a quantity of marijuana in the back of his truck, and that claimant was armed. Deputy Watson and another officer searched the truck but failed to find any marijuana. Deputy Watson searched claimant's person for weapons but did not find any. However, during the body search, Deputy Watson found a partially full pill bottle in claimant's pocket. Deputy Watson then arrested claimant on possession of a controlled substance, which proved to be Diazepam.

While claimant was in jail on this first arrest, Deputy Watson gained further information which indicated that claimant had thrown the previously reported marijuana out of the truck in Dale County, Alabama. Deputy Watson convinced a third person to show him where the marijuana was, and recovered it.[1] Claimant

---

1. The amount recovered was initially said to be

five and one half pounds, but the toxicologist

was then rearrested at the Houston County jail for trafficking in marijuana. This second arrest occurred approximately four hours after claimant's initial arrest.

The next day claimant's father visited the Houston County jail, and claimant attempted to give his father his personal property which had been confiscated upon his initial arrest. Among the property was $1,630. However, Deputy Watson refused to release the money on the basis that it was being kept for evidence.

Claimant's trial on the charge involving marijuana was continued several times, and finally Dale County dropped the trafficking charge in exchange for a voluntary forfeiture of claimant's truck.[2] Houston County then put claimant to trial on the charge of possession of Diazepam, and claimant was convicted on March 21, 1988. Claimant, who had been out on bond, was incarcerated that same day. The conviction was later overturned by the Alabama Court of Criminal Appeals on September 29, 1989 on the basis that the pills were the product of an illegal search and should have been suppressed. *McDaniel v. State*, 555 So.2d 1145 (Ala.Ct.Crim.App.1989), *cert. den.*, 1989 WL 140700, 1990 Ala. LEXIS 67 (Jan. 26, 1990). When Houston County failed to file a petition for a new trial within the time allowed, claimant was released on March 28, 1990, over two years after his conviction.

Approximately three weeks after claimant's conviction on the Diazepam charge in 1988, the Houston County Sheriff's Department turned the $1,630 over to the Federal Bureau of Investigation (FBI). The United States did not begin the present forfeiture proceedings until approximately ten months after the money was turned over to the FBI, and over two years after the money was initially retained, allegedly as evidence in a criminal case against claimant. No plausible explanation has ever been proffered as to why the Houston County Sheriff's Department retained the $1,630

after Dale County decided to drop the marijuana charges.

In defense of the forfeiture action, claimant maintains that he obtained the $1,630 as part of a loan against his truck and that the money had not been used illegally. In support of his contentions, claimant has produced a written agreement between himself and Carl Buchanan dated November 11, 1986 in which claimant agreed to sell his truck to Buchanan in exchange for $2,000 with a right to repurchase the truck in sixty days for $2,200, a check executed by Carl Buchanan dated November 11, 1986 which was later returned unpaid due to insufficient funds, and a notarized copy of the title to his truck which assigned title to Carl Buchanan on November 11, 1986. Claimant maintains that he obtained $2,000 in cash from Buchanan when the check was returned for insufficient funds. Claimant states that he was in contact with Buchanan prior to his conviction in 1988, but neither the Government nor claimant can locate Buchanan at this time.

## DISCUSSION

### 1a. Claimant's motion to suppress

█ Claimant moves to suppress the $1,630 and all evidence relating to its discovery on the basis that such evidence is the result of an illegal search and arrest. Although the Government concedes that the initial search of claimant's person was illegal, and therefore that his arrest and subsequent imprisonment were also improper, the Government opposes the motion to suppress on the basis that claimant's second arrest on December 13, 1986 (trafficking in marijuana charge) was fully supported by legally obtained evidence. Therefore, the Government argues, the "inevitable discovery" doctrine announced in *Nix v. Williams*, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984) should apply since the money would have been discovered at the time of the second arrest.

report later indicated that the amount turned in was approximately two pounds.

**2.** Claimant maintains that he agreed to the forfeiture of the truck in exchange for the charge

being dropped since he owed over $3,000 towards the purchase price of the truck and had borrowed another $2,000 against the truck.

In finding that the evidence should be suppressed, the Court notes that the "inevitable discovery" doctrine announced in *Nix v. Williams, supra,* applies only where the government can show that evidence sought to be suppressed would have been discovered by lawful means absent any unlawful conduct by the arresting authorities. In the instant case the discovery of the defendant money was in no way "inevitable" absent the illegal search at issue. Had the search not occurred, claimant would have been free to leave the scene of the first stop, and would not have been sought for arrest on the trafficking charge until four hours later. Nothing indicates that claimant would have remained in the area during that time, or that he would still have the $1,630 on his person. The only reason that the discovery at issue was in any way "inevitable" is the fact that claimant had been illegally arrested and incarcerated prior to his lawful arrest. As such, the Government cannot now benefit from the illegal search and arrest.

### *1b. Effect of suppression on forfeiture action*

■ The Government argues that, even if the evidence is suppressed, the case should not be dismissed since the illegal seizure of property does not affect the Government's right to seek a forfeiture of the property. The Government cites *United States v. One 1978 Mercedes Benz, Four Door Sedan,* 711 F.2d 1297 (5th Cir. 1983) to support its position.

The Court finds that the above cited case operates against the Government's position since the court there only held that "[i]mproper seizure does not jeopardize the government's right to secure forfeiture *if the probable cause to seize the [property] can be supported with untainted evidence.*" *Id.* at 1303. In the case at bar the Government concedes that it never would have known of the existence of the defendant money had it not been for the unlawful search and arrest of claimant. Furthermore, the Government can point to no independently obtained evidence which would connect the defendant money to claimant's possession of marijuana. Thus, there is no "untainted evidence" in this case which would provide a basis for the seizure or forfeiture of the $1,630, and the action is due to be dismissed.

### 2. *Motion to dismiss based on Due Process violation*

■ The Court previously considered claimant's motion to dismiss for a violation of claimant's due process rights in its Order entered September 15, 1989. In that Order, the Court applied the balancing test set forth in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) and found that the first two factors, length of delay and reason for delay, weighed against the Government. The Court adheres to that portion of its ruling. However, the Court declined to dismiss the case at that time since it found that the other two factors set forth in *Barker,* whether claimant had attempted to exercise his right to the property and whether the delay had prejudiced his ability to defend against the instant proceedings, weighed against the claimant.

The Court now reconsiders its finding of "no prejudice" since claimant's subsequent assertion of innocent ownership is greatly undermined by the fact that neither he nor the Government can locate Carl Buchanan, the person who allegedly loaned him $2,000 in cash against his truck. It appears that claimant was in contact with Buchanan until the time that he agreed to the forfeiture of the truck in exchange for the dropping of the trafficking charge. At that point, defendant money was no longer required as evidence in his criminal proceedings. If the Government had commenced forfeiture proceedings at that time, it is probable that claimant could have located Buchanan and could have obtained some form of statement from him indicating that he had given claimant $2,000 in cash as a loan. Such evidence would support a finding of innocent ownership by undermining the Government's position that the money was the proceeds from a sale of marijuana or was intended to be furnished in exchange for marijuana. Accordingly, the Court finds that the claimant has suffered substantial prejudice due to the delay in instituting the present proceedings and there-

fore the *Barker* test weighs against the Government. Accordingly, the Court finds that this cause should also be dismissed based on a violation of claimant's due process rights.

## CONCLUSION

As the Court finds that the Government cannot produce any untainted evidence to support the forfeiture, and even if it could, that the delay in instituting these proceedings violated claimant's due process rights, the Court concludes that this action is due to be dismissed, with prejudice.

## ORDER

In accordance with the attached Memorandum Opinion, claimant's motions to suppress and to reconsider the Court's denial of his motion to dismiss are GRANTED. Accordingly, all evidence relating to the discovery of the defendant money and the money itself are hereby SUPPRESSED. As the Government cannot produce any untainted evidence to support the forfeiture, and as the Court finds that the delay in instituting this forfeiture proceeding has deprived claimant of his property without due process of law, this cause is DISMISSED, with prejudice.

Plaintiff United States is DIRECTED to return the defendant money to claimant, plus any interest which it has accrued.

DONE and ORDERED.