James Wayne McCoy, the appellant, was convicted of the unlawful possession of cocaine and was sentenced to 18 years' imprisonment as a habitual felony offender. On this direct appeal from that conviction, the appellant contends that the police had no probable cause to stop and search the automobile in which he was riding and that the subsequent search of his person was unauthorized. We find that the facts of this case created a reasonable suspicion to warrant the officers stopping the automobile based on the information received from a known informant and from "concerned citizens."
Chambers County Deputy Sheriff Jerome Bailey testified that at approximately 6:47 on the night of December 1, 1993, he observed two individuals traveling in a white Ford Tempo automobile bearing Georgia license plates. He had received recent information "about Mr. Bell and Mr. McCoy selling crack cocaine from this vehicle from concerned citizens and confidential informants.[1] Also, on November 23rd and 29th, about selling crack cocaine in the parking lot at Piggly Wiggly." R. 15 (footnote added). He had also received "information about [Bell and the appellant] going to the Valley twice a day to pick up cocaine, once in the morning and once in the afternoon." R. 16. Bailey testified that he had received "numerous complaints . . . recently from concerned citizens. And confidential informants." R. 35-36. "I got this information from complaints from citizens, anonymous phone calls and a confidential informant." R. 41.
Bailey testified that he had received this information "within 72 hours prior to the traffic stop." R. 40. Some of the information Bailey received from "citizens" was *Page 1150 
anonymous. R. 40. He stated that he received the information from his confidential informant within 72 hours before the stop of the vehicle and that that informant was reliable. R. 41. He had used this informant on two occasions in the past, had made arrests based on the information provided on those occasions, and the information the informant had provided in the past had "turned out to be true." R. 42.
 Bailey testified that his informant told him "[a]bout them selling out of the car at Piggly Wiggly on two different occasions. . . . November 23 and 29. About the description of the car, about the car having Georgia registration plates. About the names of the subjects, Mr. James Wayne McCoy and Mr. Bell. About them selling out of Mr. Bell's store and about them making two trips to Lanett everyday picking up crack cocaine. Once in the morning and once in the afternoon." R. 44.
Bailey stated that the informant "was at Piggly Wiggly and observed some transactions which he or she believed to be drug transactions." R. 44.
Bailey had also received information from three police officers for the City of Lafayette that the appellant and Bell were selling crack cocaine out of the Ford. R. 45.
Bailey pursued and stopped the Ford. Bell exited the Ford and walked to Bailey's patrol car. Police officers from the City of Lafayette arrived. Bailey advised Bell of the information he had received and frisked Bell "for any weapons for [his] safety and anything else [Bell] might have for [his] safety." R. 18-19.
After frisking Bell, Bailey asked the appellant to get out of the Ford. Bailey advised the appellant of the information he had received and then frisked the appellant. Bailey testified, "I patted him down and felt some plastic and rocks in his pants from the outside. It was crack cocaine." R. 20. During the booking process at the jail, a rock of cocaine was discovered in the appellant's shirt pocket. In addition, the appellant was carrying "a little over a $1,000" in currency. R. 38.
Based upon these circumstances, we find that the information received by Deputy Bailey from his confidential informant and from concern citizens provided a reasonable suspicion to warrant the stopping of the Ford automobile in which Bell and the appellant were traveling.
 "The standard for allowing a Terry stop is whether there is a reasonable suspicion that 'the person being stopped has engaged in some type of criminal activity.' Webb v. State, 500 So.2d 1280, 1281
(Ala.Crim.App.), cert. denied, 500 So.2d 1282
(Ala. 1986).
". . . .
 "Most recently, the Supreme Court has held that an anonymous telephone tip, corroborated by independent police work, exhibited sufficient indicia of reliability to provide reasonable suspicion to make a Terry stop. Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301
(1990). . . .
". . . .
 ". . . A known informant's tip 'is a stronger case than obtains in the case of an anonymous telephone tip.' Adams v. Williams, 407 U.S. [143,] at 146, 92 S.Ct. [1921,] at 1923[, 32 L.Ed.2d 612
(1972)]. . . .
". . . .
 "Once a police officer with reasonable suspicion has stopped a suspect in an automobile, the officer has the authority to ask the suspect to get out of the automobile. . . .
 "The need to protect police and others justifies protective searches when police have a reasonable belief that the suspect poses a danger. Roadside encounters between police and suspects are hazardous, and danger may arise from the possible presence of weapons in the area surrounding a suspect."
Ex parte Carpenter, 592 So.2d 627, 629-31 (Ala. 1991) (citations omitted). "The veracity of the 'citizen-informant' is easily established for 'the police should be permitted to assume that they are dealing with a credible person in the absence of special circumstances suggesting that such might not be the case.' " *Page 1151 Crawley v. State, 440 So.2d 1148, 1149 (Ala.Cr.App. 1983).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] Although Deputy Bailey made some references in his testimony to confidential informants, it appears that there was actually only one confidential informant.