The appellant, Freddie Wayne Hodges, pleaded guilty and stipulated to the state's establishment of a prima facie case of unlawful possession of a controlled substance (cocaine), a violation of § 13A-12-212, Code of Alabama 1975, and unlawful possession of marijuana in the first degree, a violation of §13A-12-213, Code of Alabama 1975. The appellant specifically reserved his right to appeal the court's ruling on his motion to suppress.
The state's evidence tended to show that on March 8, 1993, the appellant was found to be in possession of cocaine and marijuana. Officer Lester Hargrove III of the Mobile Police Department testified that he responded to a complaint at the Koffee Kettle restaurant that a white man driving a burgundy and white bus had rammed several vehicles in the restaurant parking lot. When Hargrove arrived, he found a man standing outside. The man told him that the bus had rammed his vehicle. The man also told him that the man driving the bus had gone inside the restaurant. He then pointed out the appellant as the driver to Officer Hargrove through the window.
Hargrove testified that he approached the restaurant and could see the appellant through the window sitting at a table. The appellant saw the officer and reached behind his back. He pulled out an object that Officer Hargrove could not identify, wrapped it in a blue handkerchief, and handed it to the woman sitting across the table. Hargrove knocked on the window and motioned for the appellant to come outside. When the appellant came outside, Hargrove asked him if he owned the burgundy and white bus. The appellant stated that he did own the bus. Hargrove then asked the appellant what he had passed to the woman. The appellant denied having passed anything to the woman. Hargrove testified that he then asked the appellant to turn around so that he could pat him down for weapons. During the patdown, Hargrove pulled up the appellant's right pants leg and a plastic bag of marijuana fell out of the appellant's boot. Hargrove told him to walk over to the patrol car and remove his boots. When the appellant removed his boots, Hargrove discovered 12 more bags of marijuana. At that time, Hargrove arrested the appellant for possession of marijuana. He then searched the appellant's jacket after he arrested him and found an envelope containing crack cocaine.
The appellant contends that the trial court erred in denying his motion to suppress the cocaine and marijuana seized as a result of the stop. More specifically, he contends that the initial stop and patdown and the resulting seizure of drugs violated his Fourth Amendment rights under Terry v. Ohio,392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
The appellant first contends that the patdown for weapons by Officer Hargrove was an unreasonable warrantless search. This court has repeatedly stated that warrantless searches are unreasonable under the Fourth and Fourteenth Amendments of the United States Constitution, subject to only a few exceptions.McDaniel v. State, 555 So.2d 1145, 1146 (Ala.Cr.App. 1989), cert. denied, 498 U.S. 810, 111 S.Ct. 43, 112 L.Ed.2d 19
(1990); Helms v. State, 549 So.2d 598 (Ala.Cr.App. 1989), cert. denied, 493 U.S. 1022, 110 S.Ct. 725, 107 L.Ed.2d 744 (1990);Brannon v. State, 549 So.2d 532, 536 (Ala.Cr.App. 1989). These exceptions are: (1) plain view, (2) consent, (3) incident to a lawful arrest, (4) hot pursuit or emergency situations, (5) exigent circumstances coupled with probable cause, and (6) stop and frisk situations. Brannon, 549 So.2d at 536.
Officer Hargrove "stopped" the appellant when he motioned him to come outside. He did so based on the report he received that the appellant had rammed some cars in the Koffee Kettle parking lot. A law enforcement officer is authorized to stop any person he reasonably suspects of committing a crime in order to question that person. Terry, supra; § 15-5-30, Code of Alabama 1975. Officer Hargrove was operating on a report of possible criminal conduct; therefore, he was justified in asking the appellant to come outside.
"A finding that the police had sufficient justification to 'stop' the appellant under Terry does not, however, complete our analysis of this issue." Caffie v. State, 516 So.2d 822, *Page 147 
826 (Ala.Cr.App. 1986), affirmed, 516 So.2d 831 (1987). InTerry, the United States Supreme Court outlined the standard that justifies a patdown for weapons:
 "We merely hold today that where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or other's safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him."
Terry, 392 U.S. at 30, 88 S.Ct. at 1884-85, 20 L.Ed.2d at 911
(emphasis added).
Therefore, in order to justify the patdown the officer "must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous."Sibron v. New York, 392 U.S. 40, 64, 88 S.Ct. 1889, 1903,20 L.Ed.2d 917 (1968). "Both opinions [Terry and Sibron] make it clear that the 'particular facts' must be specific and articulated." Caffie, 516 So.2d at 827, quoting United Statesv. Tharpe, 526 F.2d 326, 328 (5th Cir. 1976). However, "[t]he officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." Terry, 392 U.S. at 27,88 S.Ct. at 1883, 20 L.Ed.2d at 909.
From the facts presented here, Officer Hargrove could have reasonably inferred that the appellant had a weapon. Officer Hargrove testified that he saw the appellant reach behind his back, pull out an object, wrap the object in a blue handkerchief, and then pass it across the table in the restaurant. Once the appellant came outside, he denied having had the object. Officer Hargrove could have reasonably suspected that this was a weapon. Also, the appellant told Officer Hargrove that he owned the bus that had been reported to have rammed several cars. Based on Officer Hargrove's testimony, he was justified in conducting a patdown for weapons.
However, we must now determine if Officer Hargrove exceeded the scope allowed by Terry by pulling up the appellant's pants leg to look inside his cowboy boots. We feel constrained to hold that he did exceed the scope of a permissible patdown search.
Terry and subsequent cases cause us to conclude that Officer Hargrove's search was more intrusive in scope than allowed by the Fourth Amendment. In Terry the Court stated that the patdown should be a "carefully limited search of the outerclothing of such persons in an attempt to discover weapons which might be used to assault him." Terry, 392 U.S. at 30-31,88 S.Ct. at 1885, 20 L.Ed.2d at 911 (emphasis added). Also, the Court stated:
 "The scope of the search in this case presents no serious problem in light of these standards. Officer McFadden patted down the outer clothing of petitioner and his two companions. He did not place his hands in their pockets or under the outer surface of their garments until he had felt weapons, and then he merely reached for and removed the guns. He never did invade Katz' person beyond the outer surfaces of his clothes, since he discovered nothing in his patdown which might have been a weapon. Officer McFadden confined his search strictly to what was minimally necessary to learn whether the men were armed and to disarm them once he discovered the weapons. He did not conduct a general exploratory search for whatever evidence of criminal activity he might find."
Terry, 392 U.S. at 29-30, 88 S.Ct. at 1884, 20 L.Ed.2d at 911.
In White v. State, 49 Ala. App. 5, 267 So.2d 802 (Ala.Cr.App. 1972), this court held that reaching into pockets during a patdown for objects that the officer knows are not weapons violates Terry. This court also held that an officer cannot go beyond "patting or frisking" *Page 148 
unless the pat down or frisk reveals "the possession of a dangerous weapon." White, 267 So.2d at 805.
In Shipman v. State, 51 Ala. App. 80, 282 So.2d 696
(Ala.Cr.App.), cert. quashed, 291 Ala. 484, 282 So.2d 700
(1973), a police officer seized a cellophane package of heroin powder concealed in the defendant's boottop. This court held that, in the absence of probable cause to arrest, an arrest warrant, or a search warrant, such an intrusive search was not justified. Shipman, 282 So.2d at 699.
In Helms, 549 So.2d at 601, this court held that a warrantless strip search was "far too intrusive to fall within the stop and frisk exception."
In McDaniel, 555 So.2d at 1147, this court stated:
 "In this case, the officer 'patted down' the appellant because he had a reasonable suspicion that the appellant was armed, but upon the informant's statement. See, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). However, as stated above, this type of search must be very limited in scope. It is abundantly clear in this case that this was not a Terry stop and patdown. In this case, the police officer testified that he had searched the appellant for marijuana. Deputy Watson further testified that he knew when he touched the pill bottle that it was not a weapon. Deputy Watson was not justified, under Terry, in performing such an intrusive search. The officer's concern was to discover marijuana. Seizure of the pill bottle was not lawful. There were no exigent circumstances excusing obtaining a warrant. The officer did not seize the bottle in an attempt to protect himself. As a result of the unlawful seizure, evidence of the pills was received into evidence in violation of the United States Constitution."
(Emphasis supplied.)
In Brannon, supra, and Caffie, supra, this court cited as persuasive authority United States v. Tookes, 633 F.2d 712 (5th Cir. 1980). In Tookes, the United States Fifth Circuit Court of Appeals held that removal of socks and shoes "went far beyond the limited on-the-street frisk for weapons upheld in Terry v.Ohio, Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921,32 L.Ed.2d 612 (1972) and Pennsylvania v. Mimms, 434 U.S. 106,98 S.Ct. 330, 54 L.Ed.2d 331 (1977)." Tookes, 633 F.2d at 715. "Likewise, the seizure here cannot be justified as an 'investigative detention.' " Tookes, 633 F.2d at 715.
Here, Officer Hargrove crossed the bounds of a protective patdown for weapons allowed under Terry. We find it significant that he did not pat down the outer part of the appellant's boots for weapons, rather, he pulled up his pants leg and looked inside the appellant's boots. Officer Hargrove's conduct amounted to a warrantless search not authorized by Terry. Based on the above authority, we must hold that this search was more than was necessary for the protection of the officers and those nearby. The appellant's motion to suppress the evidence of the cocaine and marijuana discovered by the unlawful search should have been granted. Accordingly, the judgment is reversed and the case remanded to the Circuit Court for Mobile County for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur, except MONTIEL, J., who dissents with opinion.