The trial court denied Freddie Wayne Hodges's motion to suppress the evidence recovered during a "patdown" search, and Hodges was convicted for first degree possession of marijuana and possession of cocaine. The Court of Criminal Appeals held that the police did have sufficient justification to "stop" Hodges under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889 (1968), and were justified in conducting a patdown search for weapons. Hodges v. State, 667 So.2d 145
(Ala.Crim.App. 1995). However, the Court of Criminal Appeals reversed the convictions, determining that the police exceeded the scope of search allowed under Terry. That court held that the search was more intrusive than allowed by the Fourth Amendment. Specifically, the Court of Criminal Appeals stated:
 "[The police] crossed the bounds of a protective patdown for weapons allowed under Terry. We find it significant that [the officer] did not pat down the outer part of the appellant's boots for weapons, rather, he pulled up his pants leg and looked inside the appellant's boots. Officer Hargrove's conduct amounted to a warrantless search not authorized by Terry. . . . [W]e must hold that this search was more than was necessary for the protection of the officers and those nearby. The appellant's motion to suppress the evidence of the cocaine and marijuana discovered by the unlawful search should have been granted."
667 So.2d at 148.
We granted the State's petition for certiorari review. The question on this review is whether the police officer's search of Hodges's boots crossed the bounds allowed for a protective patdown search for weapons.
The record reveals that the police received a disorderly conduct complaint about a white male driving a burgundy and white school bus that had "rammed" several vehicles in a restaurant parking lot. A police officer went to the parking lot and talked with a person who stated that the man who had rammed the vehicles was in the restaurant; that person pointed out Hodges as the driver of the bus. The police officer testified that as he approached the restaurant, he saw Hodges through the window and that Hodges also saw him. The police officer testified that he saw Hodges pull out an object from behind his back, wrap it in a blue handkerchief, and hand it to the woman sitting across the table. Hodges then came outside. When the police officer questioned Hodges, Hodges stated that he owned the burgundy and white bus, but he denied passing any object to the woman he was with. At this time, the police officer asked Hodges to turn around so that he could pat him down for weapons. The police officer testified that as he was patting down Hodges, he pulled up Hodges's right pants leg and that as he did so a plastic ziplock bag of green plant-like material that *Page 1051 
appeared to be marijuana fell out. The officer stated that he then asked Hodges to walk to the patrol car and remove his boots; when Hodges removed his boots, the officer discovered 12 more bags of what appeared to be marijuana. The police officer then put Hodges under arrest for possession of marijuana. He then searched Hodges's jacket and found an envelope containing crack cocaine.
The Court of Criminal Appeals concluded that the police officer could have reasonably inferred that Hodges had a weapon and that he was justified in conducting a patdown search for weapons. That issue is not before us. Rather, the only question is whether the officer exceeded the scope of search allowed byTerry by pulling up Hodges's pants leg.
In situations involving an investigative or protective search pursuant to Terry, the question is always whether the search is reasonable, considering all the circumstances. Michigan v.Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). We must look to the particular circumstances of each case and determine if the officer acted reasonably in taking preventive measures to ensure that there were no weapons within the suspect's immediate grasp.
After reviewing the record and the applicable case law, we conclude that the police officer's search did not exceed the bounds permitted for a protective patdown search for weapons. Hodges was wearing what the officer described as "hard leather" boots at the time of the patdown search. Clearly, weapons can be easily concealed in boots, and, under the circumstances of this case, we hold that the officer was completely justified in pulling up Hodges's pants leg to determine if Hodges had a weapon hidden inside his boot. Unlike the Court of Criminals Appeals, we do not consider it significant that the police officer did not pat down the outer part of the boot before pulling up Hodges's pants leg. In fact, we cannot determine from the record whether the police officer did or did not pat down the outer part of the boot. Nevertheless, we do not find this to be relevant, given that weapons can be easily hidden inside hard leather boots. A patdown of the hard leather boots might have revealed nothing to indicate that a weapon was there and would not have lessened the police officer's concerns for his own safety.
The balancing required by Terry clearly weighs in favor of allowing the police officer to pull up Hodges's pants leg because the officer could reasonably have believed that Hodges was potentially dangerous and could have had a weapon in his boot. This search was not the type of privacy intrusion that the United States Supreme Court intended to prevent in Terry.
Therefore, we conclude that the Court of Criminal Appeals erred in holding that the patdown search was excessive. That court's judgment is reversed and the case is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.